h KATZ, Judge.
This matter is again before us except that this time it is on a supervisory writ from a denial by the trial court of the *13 second Motion for Summary Judgment filed on behalf of Interstate Fire & Casualty Company and L.J.N., Inc., d/b/a Waldo’s and Craig Napoli (hereinafter referred to as “the defendants”).[1]
The facts are amply set forth in the opinion of this court on the first Motion for Summary Judgment in Godfrey v. Boston Old Colony Insurance Company, LJN, Inc., d/b/a Waldo’s and Craig Napoli, 97-2568 (La.App. 4 Cir. 5/27/1998), 718 So.2d 441, rehearing denied (Aug. 31, 1998), writ denied, 98-2412 (La.11/20/1998), 729 So.2d 556. There are also certain relevant principles and observations set forth in the prior opinion that set the stage for this second Motion for Summary Judgment:
1. “Waldo’s is not automatically immune from liability under LSA-RS 9:2800.1...we find that the LSA-RS 9:2800.1 immunity does not extend to vendors selling alcoholic beverages to a major between the ages of 18 and 21.” Godfrey at p. 453;[2]
|22. “We agree, in theory, with the trial court’s finding that, under the applicable jurisprudence, the actions taken by Waldo’s in relation to Godfrey do .. .not qualify as ‘affirmative steps to increase the peril (to the plaintiff)’...the fact that Mr.Napoli allowed Mr. Godfrey to leave with his friends without determining the identity and intoxication level of the driver is insufficient to qualify (as) an ‘affirmative act which increased the peril’ to Mr. Godfrey.’ ...Accordingly, the trial court’s judgment is affirmed to the extent that it relieves Waldo’s of liability based on its relationship to Mr. Godfrey.” Godfrey at p. 454;
3. “The real question to be decided is whether Waldo’s should be held liable to Mr. Godfrey, not as an intoxicated patron, but as a passenger in a vehicle driven by another allegedly-intoxicated patron of the bar — i.e., Mr. Price. Godfrey at p. 454...The true question to be answered is whether Waldo breached any duties in its relationship to Mr. Price which would support imposition of liability for damages caused by Mr. Price’s intoxication. Waldo’s (first) Motion for Summary Judgment does not even address whether Waldo’s can be held liable under general negligence principles for its dealings with Mr. Price; moreover, that issue has not been decided by the trial court...The evidence presented, which focuses on Mr. Godfrey rather-than Mr. Price, is insufficient to determine even the initial inquiry in the general negligence analysis — -i.e., whether Waldo’s actions were a cause-in-fact of Mr. Price’s alleged intoxication, and thus the resulting accident.” Godfrey at p. 455;
|34. “The only record evidence concerning Mr. Price indicates that Mr. Godfrey and Mr. Price had been drinking together virtually all day. One of the other patrons testified that Mr. Price had at least one drink at Waldo’s; others indicated that Mr. Price had numerous drinks at Waldo’s. At least one witness asserted that Mr. Price was not intoxicated when he arrived at Waldo’s, but was definitely intoxicated when he left. Mr. Napoli’s deposition indicates that all the people with Mr. Godfrey, apparently including Mr. Price, “seemed to be relatively sober” when they left. In short, the record presents almost no evidence of Mr. Price’s condition, and only little evidence of Waldo’s dealings with Mr. Price. Under the circum *14 stances, Waldo’s has failed to carry its burden of proving that no genuine issues of material fact remain concerning the “ultimate issue” in this case. Summary Judgment is therefore inappropriate.” Godfrey at p. 455;
5. The Court of Appeal concluded that “the trial court judgment in favor of Waldo’s is affirmed to the extent it held that Waldo’s cannot be held liable based on its relationship to Mr. Godfrey. However, the trial court judgment is reversed to the extent it dismisses Godfrey’s action against Waldo’s...” Godfrey at p. 455.
The Court of Appeal then remanded the case for further proceedings but reserved “Waldo’s right to amend its motion to prove that it is entitled to summary judgment based on its relationship to Mr. Price.” Godfrey at p. 455.
Hence, the Motion for Summary Judgment sub judice in which the defendants are seeking summary judgment based on the relationship between the defendants and Mr. Price, i.e., the defendants are asserting that they did not | ¿increase the risk of peril to Mr. Godfrey by serving alcohol to Mr. Price, the driver, such that he was intoxicated at the time he left Waldo’s with Mr. Godfrey.
In their Application for Supervisory Writ of Review of Judgment dated August 27, 1999, the defendants did not attach any factual affidavits or depositions.
The plaintiff submitted in his Opposition to the Defendants’ Application the following exhibits: (1) condensed copy of deposition of John S. Godfrey (2) condensed copy of deposition of Jack Counce (3) condensed copy of deposition of Craig Napoli (4) affidavit of Fred Del Marva (5) coroner’s report (6) affidavit of Dr. William George (7) affidavit of Victor J. Kurzweg, IV.
The defendants make the following statements in the “Conclusion” part of their Application: "... Defendants have followed this Court’s suggestion to amend their Motion for Summary Judgment, and have addressed the sole issue remaining as to the Waldo defendants. Defendants have demonstrated the lack of evidence of an essential element of the plaintiffs claim.”
“The plaintiff has been unable to show, through factual evidence, that Waldo’s committed an affirmative act in its relationship to Richard Price that increased the peril caused by Mr. Price’s intoxication. Plaintiff has merely alleged that Waldo’s caused the intoxication. This is insufficient as a matter of law and as a matter of logic to qualify as an affirmative act. The sole other allegation-that Waldo’s ‘released’ the plaintiff to ride home with an intoxicated driver-is both false and has already been rejected by this Court.”
The defendants are correct in asserting that the plaintiff has the burden of proof at trial to show that the defendants increased the risk of peril to Mr. Godfrey by serving alcohol to Mr. Price even though he may have been intoxicated or was | ñbecoming more intoxicated while drinking at Waldo’s. Therefore, under the 1997 amendments to the Code of Civil Procedure articles on summary judgment, the plaintiff has the burden in opposing the summary judgment to show that there is a genuine issue of material fact with respect to this theory of recovery against defendants. However, this burden does not impose upon the plaintiff the necessity of proving the theory of recovery by a preponderance of the evidence on summary judgment; rather, the plaintiff need only show that there are genuine issues of material fact relating to the theory of recovery that can only be resolved by the fact-finder after a trial on the merits.
This court finds that the plaintiff has met his burden of showing that there are genuine issues of material facts via the depositions, affidavits and reports submitted and that these factual issues can only be resolved by a trier of fact after a trial on the merits.
*15 Godfrey testified in his deposition to the following: the driver, Richard Price, and he always frequented Waldo’s bar; they would regularly purchase and consume alcohol; Waldo’s was known for serving alcohol to individuals who were under the legal age to purchase alcohol; Godfrey admitted to being intoxicated when he left Waldo’s on the night of the accident but he did not remember getting into Price’s Suburban or anything about the trip from Waldo’s to the point where the accident happened.
Jack Counce testified in his deposition to the following: he and Godfrey had met at Price’s house and each had a drink, ordered pizza and sat around and consumed it; afterward they left and went to Waldo’s; Waldo’s would often have promotional specials, such as the $10 “drink til you drown”; the promotional was being offered the night of the accident and Price paid $10 for all he could drink | fithat evening; also, they were all continuously served multiple alcoholic beverages such as Jack Daniels with Goke until Price told him that they had to leave because God-frey had been thrown out because he was too drunk.
Victor Kurzweg submitted an affidavit. In it he swore to the following: he was present at Price’s house along with Counce and Godfrey; Price had a drink at his house but he did not exhibit any objective behavior of being intoxicated; he saw Price drinking alcohol at various times while at Waldo’s on the evening of the accident.
The Orleans Parish Coroner’s report on Richard Price indicated that Richard Price had a blood alcohol level of .13% at the time of his death.
Fred Del Marva, a qualified expert specializing in Premises Liability, Premises Security, and Dram Shop Litigation in the food service and lodging industries submitted an affidavit. In it he attested to the following: Price was not intoxicated at the time he was admitted to Waldo’s; “reasonably prudent bar operators do not adopt a pay one price for all you can drink policy”; due to the blood alcohol level of Richard Price at 12:45 a.m. on the morning of the accident, an adequately trained staff should have recognized that Price had become intoxicated and the staff should have refused to serve Price any more alcohol; he concluded that Napoli and other members of Waldo’s staff committed the following affirmative acts which breached the standard of care of reasonably prudent bar' operators and which could foreseeably result in serious injury to its patrons:
a. selling an alcoholic beverages to persons, such as Price, Godfrey, and Counee, who were prohibited by law from purchasing alcohol;
b. allowing a person to be on the premises with a blood alcohol level high enough such that his intoxicated condition should have been noticeable to an adequately trained bar staff;
|7c. allowing Price to leave Waldo’s with his car keys with the intention of driving himself and other patrons home;
d. failing to call a cab for the intoxicated patrons;
e. allowing Godfrey to be placed in the responsible charge of Price, who at such time had a blood alcohol level of ,13[%].
Dr. William J. George submitted an affidavit in which he attested to the following: Napoli should have been able to discern that Price was impaired by the alcohol he was consuming at Waldo’s that evening and that Price was intoxicated when he left the bar in the early morning hours of the accident; at a concentration of 130% mg (.13%), drivers of automobiles are between 6-7 and 25-32 times more likely to be involved in fatal accidents; Price’s consumption of alcohol while at Waldo’s that evening resulted in his being intoxicated which in turn resulted in his death.
Craig Napoli testified in his deposition to the following: Waldo’s had a policy to ensure that intoxicated patrons did not drive home from the bar; a staff member *16 would obtain the intoxicated person’s car keys and either call a cab or get a sober friend to drive the intoxicated patron home.
However, there is no testimony by Craig Napoli in his deposition that these procedures were followed with respect to Richard Price, who was after all, an intoxicated patron of Waldo’s.
This court concludes that the plaintiff has met his burden of proof and has shown that there are genuine issues of material fact remaining which preclude the granting of summary judgment in favor of the defendants. These issues may be identified as follows: the conflicting testimony with respect to when Richard Price became intoxicated; whether the staff at Waldo’s recognized that Richard Price was intoxicated and continued to serve him alcoholic beverages; did Waldo’s | «follow its own policy and offer Price and his friends a cab ride home or did Waldo’s evict Price and Godfrey into a perilous situation; did Price’s intoxication play a causative role in the accident and injuries to Godfrey.
These material issues of fact can only be resolved by a fact-finder after a trial on the merits.
Accordingly, the Writ Application by the defendants is granted but the relief is denied and the judgment of the trial court denying the defendants’ Motion for Summary Judgment is affirmed.

WRIT GRANTED; RELIEF DENIED.

MURRAY, J., concurs in the result.
|, APPLICATION FOR REHEARING FROM THE OPINION ISSUED ON FEBRUARY 23, 2000 IS DENIED.
On Friday, February 18, 2000, the defendants/applicants, Craig Napoli, LJN, Inc., d/b/a Waldo’s Bar & Grill, and Interstate Fire and Casuality Insurance Company, filed an Ex Parte Motion to Withdraw their Writ Application. The reason stated within the Motion as the basis for wanting to withdraw their application for supervisory writ of review is “that defendants/applicarfts have compromised the claims made against them by plaintiff John S. Godfrey.”
The other parties, John Godfrey, Enter-gy Corporation, Northwest National Life Insurance Company, BellSouth Telecommunications and the City of New Orleans, neither joined in the Motion to Withdraw the Writ nor filed concurrences |2to the writ. Moreover, the movers failed to attach any settlement documents to the Motion.
LSA-C.C.P. art. 2162 provides in part that: an appeal can be dismissed at any time by consent of all parties...” (Emphasis added).
In Silliker v. St. Landry Parish Jury, 503 So.2d 656, 657 (La.App. 3 Cir.2/26/87), the Third Circuit stated that: “The instant motion to dismiss was filed by the appellant, Frank Silliker* * *As the St. Landry Parish Police Jury, DHHR and Frank Silliker are all parties to the appeal...and no consent to the dismissal has been given by either the St. Landry Parish Police Jury or DHHR, the appellant’s motion to dismiss is denied at appellant’s cost.”
In General Supply of Houma, Inc. v. Cenco Supply, Inc., 504 So.2d 1043 (La. App. 1 Cir.3/4/87), the Court of Appeal held that: “(where) appellant filed a ‘Concurrence in Motion to Dismiss Appeal’... the appeal should be dismissed either on the basis that it is moot or on the basis that both sides have consented to the dismissal. LSA-C.C.P. art 2162.”
Rule 4-8 entitled “Applicability of Rules” under the Uniform Rules-Courts of Appeal states:
“The Rules of the court pertaining to appeals and not conflicting with Rules specifically pertaining to applications for writs, when applicable and insofar as practicable, shall govern writ applications and the disposition thereof.” Appeal states:
“Any appeal may be summarily dismissed... where there has been a joint motion filed by all interested parties or their counsel of record, which shall set forth the reason for such action and which shall be supported by appropriate *17 affidavits that facts alleged are true and correct.”
In the case sub judice, there is no evidence showing that all parties have consented to or signed any settlement documents. The Ex Parte Motion to | ¡¡Withdraw Writ Application was therefore invalid on February 18, 2000, when it was filed and is still invalid.
Accordingly, the Motion for Rehearing is denied.

. Craig Napoli is the majority if not sole shareholder of LJN, Inc., owner of Waldo’s Bar. Mr. Napoli is also the manager of Waldo's Bar. However, the defendants seem to confuse the issue of ownership by referring to Mr. Craig Napoli as “the owner” at page 1 of their Application, under "Statement of the Case”.

. Godfrey and Price were both nineteen years of age at the time of the accident.